RODERICK C. TUTTLE *vs.* INHABITANTS OF HOLYOKE.

If a horse, going off a highway by reason of a defect therein, falls upon a fence, and, in being removed from the fence with reasonable care and skill, suffers injury, the town are liable for such injury.

ACTION OF TORT to recover damages occasioned to the plaintiff's horse and carriage by reason of a defect in a highway in Holyoke.

At the trial in the court of common pleas, there was evidence "that the horse, after going off the road, fell upon a post and rail fence, and was found lying partly over the fence, which was broken down; that, after being released from the carriage, four or five men took hold of him, and, finding they could not get him up directly as he lay, rolled him over the fence into the lot; the horse going over quickly, and falling heavily, striking seven feet from the fence; the ground descending some three feet in the seven."

The defendants contended that, if the leg of the horse was broken in his fall, when rolled over the fence, they were not liable for that injury.

But *Mellen,* C. J. instructed the jury "that the defendants were equally liable, whether his leg was broken in falling upon the fence, or in striking the ground, when rolled over the fence, if the persons who relieved the horse from his position on the fence used reasonable care and skill in so doing, and the leg was broken in extricating him with such care; that then the injury was so far the result of the accident that the plaintiff

would be entitled to recover for the loss of the horse." The verdict was for the plaintiff, and the defendants alleged exceptions.

*E. W. Bond*, for the defendants. The instructions given were erroneous, in not leaving to the jury the question whether it was necessary, in order to get the horse up, to roll him over the fence into the lot. Reasonable care and skill may have been used in doing it, and yet the act itself may have been wholly unnecessary.

But if it was necessary, and done with reasonable care and skill, yet, if the breaking of the horse's leg resulted from that act, the defect in the highway was not the natural and proximate cause of the injury, and the defendants are not responsible. 2 Greenl. Ev. § 256. *Waite* v. *Gilbert*, 10 Cush. 177.

*J. Wells*, for the plaintiff, was stopped

BY THE COURT, who

*Overruled the exceptions, with double costs.*